UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

LESLIE PRYOR
    Plaintiff,

v.                                                                No. 3:10-0591
                                                                  JUDGE HAYNES
TENNESSEE DEPARTMENT OF
CORRECTION, et al.
    Defendants.

## MEMORANDUM

Plaintiff, an inmate at the Riverbend Maximum Security Institution ("RMSI") in Nashville, filed this pro se action under 42 U.S.C. § 1983 against the Defendants: Tennessee Department of Correction (TDOC); Gayle Ray, TDOC Commissioner; James Fortner, Warden of the Turney Center Industrial Prison; Nicky Jordan, a member of the Turney Center staff; and Jerry Lester, an Internal Affairs investigator for TDOC; seeking injunctive relief and damages. Plaintiff asserts claims under the Due Process Clause of the Fourteenth Amendment arising out of the search of his cell and his subsequent confinement in segregation.

According to his complaint, on July 6, 2009, Plaintiff's cell at Turney Center was searched and several items of his personal property were seized. Among the items seized were "a large amount of money, cell phone and items which appear to be of a fraudulent nature." Plaintiff was placed in segregation pending an investigation into these items. After thirty days in segregation, the Plaintiff was placed in protective custody that is a type of administrative segregation. According to the attachments to his complaint, in February 2010, Plaintiff was ordered to be transferred to RMSI

and was filing grievances at RMSI in February 2010. Following a hearing, Plaintiff was returned to the general prison population. Without a charge for a disciplinary infraction, Plaintiff alleges that he was placed in segregation in violation of his right to due process. Aside from confinement in segregation, Plaintiff alleged that his telephone was cut off, but the attachments to his complaint reflect that he had access to the telephone.

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); see Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. Id. at 327-28; Brown v. Bargery, 207 F.3d 863, 866 (6th Cir. 2000); see also Lawler v. Marshall, 898 F.2d 1196, 1198-99 (6th Cir. 1990). Although the courts are required to construe *pro se* pleadings liberally, see Boag v. MacDougall, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," McGore v. Wrigglesworth, 114 F.3d 601, 612 (6th Cir. 1997), overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007).

To state a claim for § 1983 relief, the Plaintiff must plead that the Defendants, while acting under color of state law, deprived him of some right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527 (1981).

Although an inmate placed in segregation is entitled to a certain degree of procedural due process, Wolff v. McDonnell, 418 U.S. 539 (1974), for a due process violation the legal standard is that the placement of an inmate in segregation "presents the type of atypical, significant deprivation

in which a state might conceivably create a liberty interest." Sandin v. Conner, 515 U.S. 472, 473 (1995).

Plaintiff, who had been in segregation at Turney Center for approximately six months, does not present an actionable due process claim. See Bradley v. Evans, 229 F.3d 1150, 2000 WL 1277229, at *5-*6 (6th Cir. Aug. 23, 2000) (Fourteen months administrative segregation not actionable and collecting authorities allowing longer periods). Yet, three years confinement and allegations of indefinite confinement to administrative segregation is actionable. Hardin-Bey v. Rutter, 524 F.3d 789, 793-95 (6th Cir. 2008).

The Court concludes that Plaintiff fails to state a claim upon which relief can be granted. Under such circumstances, a district court is obliged to dismiss the complaint sua sponte. 28 U.S.C. § 1915(e)(2).

An appropriate Order is filed herewith

**ENTERED** this the 11th day of March, 2011.

WILLIAM J. HAYNES, JR.
United States District Judge